IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERREK DWIGHT GILLIAM,                          No. 3:22-cv-01269-HZ
an individual

                                                OPINION & ORDER
                        Plaintiff,

        v.

UNITED STATES OF AMERICA,

                        Defendant.

Derrek Dwight Gilliam
7901 SE Powell Blvd, Suite B #203
Portland, OR 97206

        *Pro se*

Natalie K. Wight
United States Attorney
Sarah Feldman
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

        Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant United States of America moves to dismiss Plaintiff Derrek Dwight Gilliam's

personal injury claims due to failure to exhaust administrative remedies as required by the

Federal Tort Claims Act. For the following reasons, the Court grants Defendant's motion.

## BACKGROUND

Plaintiff filed his complaint pro se. He alleges that on March 16, 2020, he went to

Neighborcare Health for dental X-rays. Compl. 15, ECF 1. He alleges that on March 17, 2020, he

was attended by Dr. James Tzen, who performed a dental procedure that caused a dent in

Plaintiff's chin. *Id.* He alleges that he suffered pain due to the dental procedure and that he had to

go to the emergency room one month later. *Id.* Plaintiff alleges that he contacted Apple Health

Insurance and filed a complaint about the dental accident. *Id.* Plaintiff sued Neighborcare Health

and Dr. Tzen on August 10, 2022. He seeks damages for physical injury and mental and

emotional distress as well as punitive damages. *Id.* at 16.

On November 29, 2022, the United States filed a notice of substitution as Defendant in

this matter pursuant to 42 U.S.C. § 233(a) and 28 U.S.C. § 2679(d)(1). ECF 20. Suit under the

Federal Tort Claims Act ("FTCA") is the exclusive remedy "for damage for personal injury,

including death, resulting from the performance of medical, surgical, dental, or related functions,

. . . by any commissioned officer or employee of the Public Health Service while acting within

the scope of his office or employment[.]" 42 U.S.C. § 233(a). Renata Gowie, Chief of the Civil

Division of the United States Attorney's Office for the District of Oregon, certified that

> [A]t the time of the incident out of which the lawsuit arose, Neighborcare Health,
> an entity deemed by the Secretary of the United States Department of Health and
> Human Services to be an employee of the Public Health Service pursuant to 42
> U.S.C. § 233(g), and Neighborcare Health employee Dr. James Tzen were acting

as covered persons within the scope of the statutorily-deemed federal employment for purposes of this civil action[.]

Notice of Substitution, Ex. 2 (Gowie Decl.) ¶ 2. When such certification is made, the suit "shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The United States then filed a motion to dismiss for lack of subject matter jurisdiction on the basis of sovereign immunity. Def. Mot. to Dismiss, ECF 21. Plaintiff filed a response in opposition on December 7, 2022. ECF 22.[1]

## STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his or her claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). A motion to dismiss based on sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

---

[1] Plaintiff's Response is titled a "Motion for Judge Not Grant Answer," but as no answer has been filed in this case, and Plaintiff's filing responds to Defendants' Motion to Dismiss, the Court will treat it as a response brief.

**DISCUSSION**

Defendant asserts that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies before filing suit as required by the FTCA, and the statute of limitations has expired. Def. Mot. to Dismiss 2. Defendant further argues that this dismissal should be with prejudice. *Id.* at 6. The Court concludes that Plaintiff's complaint must be dismissed but that Plaintiff should be granted leave to amend.

**I.      Exhaustion of Administrative Remedies**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). The United States may waive sovereign immunity and consent to suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The FTCA, 28 U.S.C. §§ 1346, 2671-80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). The FTCA requires claimants to exhaust administrative remedies prior to bringing suit in federal court. *McNeil v. United States*, 508 U.S. 106, 107 (1993). A claimant must present a claim for administrative review to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). Then, if the agency denies the claim in writing or fails to make a final decision within six months, the claimant may file suit. 28 U.S.C. § 2675(a). Both the Supreme Court and the Ninth Circuit have strictly interpreted the requirement that the claimant present a claim for administrative review before filing suit. *McNeil*, 508 U.S. at 113 (holding that the presentment requirement applies with equal force to unrepresented plaintiffs in ordinary civil litigation); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir.

2006) (stating that "the exhaustion requirement [of 28 U.S.C. § 2675(a)] is jurisdictional in nature and must be interpreted strictly").

Defendant asserts that Plaintiff failed to present an administrative claim to the Department of Health and Human Services ("HHS") within two years after his claim accrued. Def. Mot. to Dismiss 5. Defendant relies on the declaration of Meredith Torres, an attorney at HHS. *Id.* Ms. Torres states that she searched the database of the Claims Branch at HHS and found no record of an administrative tort claim filed by Plaintiff against Neighborcare Health or Dr. James Tzen. Notice of Substitution, Ex. 1 (Torres Decl.) ¶ 4. Plaintiff's complaint states that he "contacted apple health insurance filed a complaint on the dental accident." Compl. 15. Plaintiff does not allege that he filed an administrative tort claim with HHS. Thus, he has not alleged that he exhausted his administrative remedies, and his complaint must be dismissed.

## II.    Leave to Amend

Once the period for amending pleadings as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation omitted). Amendment is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

A court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Defendant argues that Plaintiff's claim should be dismissed with prejudice because he failed to exhaust administrative remedies within the two-year limitations period and thus his claim is "forever barred." Def. Mot. to Dismiss 6. Defendant acknowledges that the Court may equitably toll the limitations period but argues that tolling is not warranted here because Plaintiff has alleged no facts that would support tolling. *Id.* Equitable tolling may be appropriate if Plaintiff can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

The Court concludes that Plaintiff should be given leave to amend his complaint. Amendment is not necessarily futile. While Defendant's search of the Claims Database is strong evidence that Plaintiff did not file an administrative tort claim with HHS, it does not conclusively establish that he did not. Furthermore, Plaintiff may be able to allege facts that support equitable tolling. The Court therefore grants Plaintiff leave to amend his complaint if he can allege either (1) facts showing that he filed an administrative tort claim with HHS within two years after the incident occurred or (2) facts showing that he merits equitable tolling of the statute of limitations.

//

//

//

6 – OPINION & ORDER

**CONCLUSION**

Defendant's Motion to Dismiss [21] is GRANTED. Plaintiff has leave to submit an amended complaint within 30 days of the date of entry of this Opinion and Order.

IT IS SO ORDERED.


DATED:____January 9, 2023_____.


_____
MARCO A. HERNÁNDEZ
United States District Judge

7 – OPINION & ORDER