IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERREK DWIGHT GILLIAM,
an individual,

               Plaintiff,

    v.

UNITED STATES OF AMERICA,

               Defendant.

No. 3:22-cv-01269-HZ

OPINION & ORDER

Derrek Dwight Gilliam
7901 SE Powell Blvd, Suite B #203
Portland, OR 97206

    *Pro se*

Natalie K. Wight
United States Attorney
Sarah Feldman
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Before the Court is Plaintiff Derrek Dwight Gilliam's motion for relief, styled as a "motion for clerical error" and a motion seeking to amend his complaint to proceed under RICO. Pl. Mot., ECF 30. For the following reasons, the Court denies Plaintiff's motion and dismisses this case without prejudice.

## BACKGROUND

On August 10, 2022, Plaintiff filed a pro se complaint against Neighborcare Health and Dr. James Tzen, alleging dental negligence that occurred on March 17, 2020. Compl. 15, ECF 1. On November 29, 2022, the United States filed a notice of substitution as Defendant pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(1), certifying that Neighborcare Health and Dr. Tzen were deemed employees of the Public Health Service ("PHS") and were acting within the scope of that employment at the time of the incident. Notice of Substitution, Ex. 2 (Gowie Decl.) ¶ 2, ECF 20. Suit under the Federal Tort Claims Act ("FTCA") became Plaintiff's exclusive avenue for relief. 42 U.S.C. § 233(a). The United States then moved to dismiss with prejudice for lack of subject matter jurisdiction on the basis of sovereign immunity because Plaintiff failed to file an administrative tort claim before filing suit and the two-year statute of limitations had expired. Def. Mot. to Dismiss, ECF 21.

The Court concluded that Plaintiff's complaint must be dismissed because Plaintiff did not allege that he had exhausted his administrative remedies. Op. & Ord. 5, ECF 24. Thus, the Court lacked subject matter jurisdiction. *Id.* However, the Court granted Plaintiff leave to amend his complaint if he could either provide evidence that he filed an administrative tort claim or allege facts supporting equitable tolling of the statute of limitations. *Id.* at 6. After entry of the Opinion and Order, Plaintiff made several filings that combined allegations from this case with

unrelated matters pending before this Court. ECF 25, 28, 31. The Court struck those filings and advised Plaintiff that each filing made in this case must concern only this case. ECF 26, 27, 29, 32. The Court extended Plaintiff's deadline to file an amended complaint. Order, ECF 27. Plaintiff then filed the present motion, to which no timely response was filed.

## DISCUSSION

As the Court explained in its previous Opinion and Order, the FTCA requires claimants to exhaust administrative remedies before bringing suit in federal court. *McNeil v. United States*, 508 U.S. 106, 107 (1993). A claimant must present a claim for administrative review to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). Then, if the agency denies the claim in writing or fails to make a final decision within six months, the claimant may file suit. 28 U.S.C. § 2675(a). The requirement to exhaust administrative remedies "is jurisdictional in nature and must be interpreted strictly." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Plaintiff's motion states that Neighborcare Health "was a public benefit corporation" at the time of the incident and that representatives of Defendant made "false statements" about Neighborcare Health's legal status. Pl. Mot. 1. Plaintiff attaches a filing from the Office of the Secretary of State of Washington showing that Neighborcare Health is a public benefit corporation. *Id.* Ex. 1. This evidence is consistent with the United States' determination that Neighborcare Health and Dr. Tzen are deemed employees of the PHS. Federal law provides that a health center that is not itself a government entity may be "deemed" an employee of the PHS for the purpose of liability for malpractice. 42 U.S.C. § 233(g). The United States provided evidence that Neighborcare Health was deemed an employee of the PHS at the time of the incident. Notice of Substitution, Ex. 1 at 5-6 (Health Resources and Services Administration

3 – OPINION & ORDER

records showing that Neighborcare Health was deemed eligible for FTCA malpractice coverage for the 2020 calendar year). Neighborcare Health, a public benefit corporation, is "deemed" an employee of the PHS for the purpose of medical malpractice liability. The Notice of Substitution was proper, and the FTCA provides Plaintiff's sole remedy.

Plaintiff's motion does not allege that he filed an administrative tort claim before filing suit as required by the FTCA. Plaintiff's claim against the United States must be dismissed because he failed to exhaust his administrative remedies and this Court therefore lacks subject matter jurisdiction over his claim. *Vacek*, 447 F.3d at 1250. Dismissal shall be without prejudice because the Court lacks subject matter jurisdiction and cannot rule on the merits, including the statute of limitations. *Tunac v. United States*, 897 F.3d 1197, 1201 (9th Cir. 2018).

Plaintiff's motion also indicates that he wishes to amend his complaint to make a claim under RICO, the Racketeer Influenced and Corrupt Organizations Act. *See* 18 U.S.C. § 1961 *et seq*. The motion does not explain why the amendment is justified or allege any new facts in support of the claim.[1] The motion does not certify that Plaintiff conferred with Defendant before seeking to amend his complaint, as required by Local Rule 7-1. The Court previously advised Plaintiff of this requirement and instructed him to comply with it. The Court could deny the motion on that basis alone. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). However, the Court considers the motion and concludes that justice does not require leave to amend.

---

[1] As discussed above, Plaintiff made several filings that combined allegations from several cases against separate defendants for separate conduct, and the Court struck those filings and advised Plaintiff that filings must be specific to each case. Since the Court struck Plaintiff's last such filing, Plaintiff has not moved to file a new amended complaint in this case. The original complaint is still the operative one.

Once the period for amending pleadings as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation omitted). Amendment is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

A court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

While leave to amend should ordinarily be freely given, the "[t]he district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (district court did not abuse discretion in denying leave to amend when the plaintiffs had "ample opportunity to properly plead a case and have failed to do so" and the plaintiffs previously failed to follow specific instructions from the court on how to amend the complaint).

5 – OPINION & ORDER

The Court declines to grant leave to amend the complaint to proceed under RICO. Plaintiff seeks damages for personal injury from a dental procedure performed by a dentist who was deemed to be acting within the scope of his employment with the PHS. The FTCA is the sole remedy for this injury. 42 U.S.C. § 233(a), (g). Reformulating the claim as a RICO violation would be futile. *See, e.g.*, *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993) (district court did not abuse its discretion in denying leave to amend complaint where the plaintiff's legal theory lacked merit). The Court previously gave Plaintiff leave to amend his complaint and explained what was required for the Court to have subject matter jurisdiction over the FTCA claim. Op. & Ord. 6. Plaintiff's motion does not provide evidence that he filed an administrative tort claim before filing suit. Further leave to amend would be futile.

## CONCLUSION

Plaintiff's Motion [30] is DENIED. Plaintiff's Complaint [1] is dismissed without prejudice.

IT IS SO ORDERED.

DATED:_____March 26, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge